IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:23-cv-340-JTA |
| | ) (WO) |
| MARTIN J. O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), the claimant, Jennifer Johnson, brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[1] The Commissioner denied Johnson's claim for a Period of Disability and Disability Insurance Benefits ("DIB"). The Court construes Johnson's brief in support of her Complaint (Doc. No. 8) as a motion for summary judgment and the Commissioner's brief in opposition to the Complaint (Doc. No. 14) as a motion for summary judgment. The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 16, 17.)

After careful scrutiny of the record and the motions submitted by the parties, the Court finds that Johnson's motion for summary judgment is due to be GRANTED, the Commissioner's motion for summary judgment is due to be DENIED, the decision of the

---

[1] Document numbers as they appear on the docket sheet are designated as "Doc. No."

Commissioner is due to be REVERSED, and this matter is due to be REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.  PROCEDURAL HISTORY AND FACTS

Johnson is an adult female with a college education and prior work experience as a residential care aide. (R. 15, 20.)[2] She alleged a disability onset date of October 1, 2017, due to major depression; anxiety; arthritis in the knees, toes, and fingers; diabetes; high blood pressure; trichophagia; trichotillomania; chronic stress; back pain; and ADHD. (R. 13, 16, 222.)

On February 18, 2021,[3] Johnson protectively filed a Title II application (42 U.S.C. §§ 401, *et seq.*) for a period of disability and DIB. (R. 202.) Each of these claims was denied initially and upon reconsideration. (R. 11, 101, 112.) Johnson requested an administrative hearing on March 16, 2022. (R. 11, 116.) Following an administrative hearing, the Administrative Law Judge ("ALJ") denied Johnson's request for a period of disability and DIB in a decision dated October 5, 2022. (R. 10–21.)

Johnson requested review by the Appeals Council, and it denied review. (R. 1–7.) Consequently, the hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted) ("When as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] reviews[s] the ALJ's decision as the Commissioner's final decision.").

---

[2] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 7.)

[3] The Administrative Law Judge states that Johnson originally filed for DIB on March 3, 2020, (*see* R. 11), however the record indicates Johnson filed her application on February 18, 2021. (R. 202.)

On May 24, 2023, Johnson filed this action seeking review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. (Docs. No. 8, 14, 15.) This matter is ripe for review.

## II.   STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). The court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019) (citations omitted). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.    STANDARD FOR DETERMINING DISABILITY

An individual who files an application for DIB must prove that she is disabled. *See* 20 C.F.R. § 404.1505. The Act defines "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 405.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. 20 C.F.R. § 404.1520. The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant

has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c). *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir.

1987) ("The burden then shifts to the Secretary to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform."). To determine the existence of other jobs which the claimant can perform, the ALJ may rely on the testimony of a vocational expert ("VE"). *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011).

### IV. ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found that Johnson had not engaged in substantial gainful activity since the alleged onset date. (R. 13.) The ALJ determined that Johnson suffers from the following severe impairments that significantly limit her ability to perform basic work activities: anxiety, depression, bilateral knees, and obesity. (*Id*.) Nevertheless, the ALJ concluded that Johnson does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. 14.)

After consideration of the record, the ALJ determined that Johnson has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except

> [Johnson] can lift and carry 10 pounds frequently and 20 pounds occasionally. She can sit for six hours, stand for six hours and walk for six hours. [Johnson] is able to perform simple, routine and repetitive tasks and can perform simple work-related decisions. She can occasionally interact with supervisors, coworkers and the public. [Her] time off task includes the ability to perform simple, routine and repetitive tasks.

(R. 16.) In determining the RFC, the ALJ found that Johnson's statements regarding the intensity, persistence, and limiting effects of her symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (R. 17.)

Nevertheless, the ALJ concluded, considering Johnson's age, education, work experience, and RFC, she is not capable of performing her past work as a residential care aide. (R. 20.) The ALJ further concluded that Johnson had not been under a disability from October 1, 2017, to October 5, 2022, the date of the ALJ decision. (R. 21.) The ALJ found that based on the application for a period of disability and DIB, Johnson is not disabled under sections 216(i) and 223(d) of the Social Security Act. (R. 21.)

## V.   DISCUSSION

Johnson presents three arguments in this appeal. (Doc. No. 8 at 1.) First, she argues the ALJ failed to account for the possibility of good days and bad days, which affected the RFC and VE questioning. (*Id*.) Second, Johnson argues the ALJ failed to properly consider her physical impairments, including plantar fasciitis, arthritis of the feet, and urinary problems. (*Id*.) Third, she argues the Appeals Council failed to properly consider new and material evidence. (*Id*.)

Upon a thorough review of the record and the parties' submissions, the Court finds Johnson's second argument warrants reversal and remand for further proceedings.

### A. ALJ's Failure to Consider Some of Johnson's Physical Ailments

Johnson argues the ALJ failed to properly consider some of her physical ailments, including her plantar fasciitis, arthritis of the feet, and urinary problems. (Doc. No. 8 at 10.)[4] She complains the ALJ's decision makes no mention of her urinary problems or foot

---

[4] While Johnson did not raise her plantar fasciitis or urinary issues as an impairment in her application for DIB, she did testify to both during the hearing. (R. 56, 64, 68.) A claimant must allege an impairment either in their application or at the hearing before the ALJ. *Sullivan v. Comm'r of Soc. Sec.*, 694 F. App'x 670, 671 (11th Cir. 2017).

ailments. (*Id*. at 10, 12.) Johnson argues by failing to address these impairments,[5] the ALJ failed to craft an RFC which accurately represents what Johnson can reasonably do. (*Id*. at 11, 13.)

The Commissioner acknowledges the ALJ failed to expressly address Johnson's foot ailments and urinary issues. (Doc. No. 14 at 8–9.) However, the Commissioner argues the ALJ's failure to consider Johnson's urinary problems is harmless because the record shows no evidence that her urinary problems would affect her ability to work. (*Id*. at 9.) The Commissioner further argues the ALJ implicitly considered Johnson's foot ailments when considering her knee impairments. (*Id*. at 8.)

The RFC assesses the claimant's remaining ability to do work despite her impairments and any related symptoms. 20 C.F.R. § 404.1545(a)(1). When assessing a claimant's RFC, the ALJ must consider "all impairments, severe and non-severe." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019) (citing *Bowen v. Heckler*, 748 F.2d 629, 634–35 (11th Cir. 1984)). The ALJ determines RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3).[6] However, if an ALJ fails to consider all impairments when evaluating the RFC, then their decision is not supported by substantial evidence. *Pupo v. Comm'r Soc. Sec. Admin.*, 17 F.4th 1054, 1064 (11th Cir.

---

[5] Johnson refers to both her plantar fasciitis and urinary issues as "impairments," but does not analyze whether they meet the definition of impairment under 20 C.F.R. § 404.1521. However, the Commissioner does not argue that Johnson's plantar fasciitis or urinary issues are not impairments. As such, the undersigned assumes, without holding, that her plantar fasciitis and urinary issues meet the definition of impairment under 20 C.F.R. § 404.1521.

[6] Although the ALJ does not need to discuss every piece of evidence, he must consider the claimant's "medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); *see also* 20 C.F.R. § 404.1523(c) and Social Security Ruling 96-8p.

2021) (citing *Schink*, 935 F.3d at 1269). Even if an ALJ states that he has considered all symptoms, but his decision shows he did not, then the "overall assessment of the claimant's RFC" is inadequate. *Id*.

In *Pupo*, the claimant suffered from stress urinary incontinence. *Pupo*, 17 F.4th at 1059. The ALJ did not identify the claimant's incontinence as a severe impairment at Step 2, and did not consider her urinary incontinence while conducting his RFC assessment. *Id*. at 1059, 1064–65. Although the ALJ stated that he considered "all symptoms" while determining the claimant's RFC, the Eleventh Circuit concluded his "decision demonstrates that he did not." *Id*. at 1064. The Eleventh Circuit noted that while the ALJ considered other impairments in his RFC determination, he "failed to mention any impact that her incontinence might have had on her RFC during the relevant time period." *Id*. at 1065. The Circuit highlighted that this was "particularly troubling" given the medical record which contained numerous examples of the claimant receiving treatment for her incontinence issues. *Id*. The Circuit concluded that substantial evidence did not support the ALJ's RFC determination because the ALJ "did not adequately consider [the claimant's] incontinence in assessing her RFC." *Id*. at 1066.

Similarly to *Pupo*, Johnson's urinary problems are well supported in the medical record. In 2018, Johnson saw a urologist for recurrent urinary tract infections. (R. 332.) She underwent a cystoscopy and received corporeal shock wave lithotripsy. (R. 374, 359.) In 2021, Johnson saw a urologist for urinary frequency, urgency, and leaking. (R. 681.) She was diagnosed with chronic urethritis. (R. 681.) To treat her recurrent urinary tract infections, Johnson was placed on long-term antibiotic therapy that provided no relief. (R.

681, 753.) Johnson reported urinary incontinence issues over the past six years and eventually went to physical therapy for her incontinence issues. (R. 753.) In 2022, a urologist prescribed medication to help with Johnson's urinary frequency. (R. 772.) Johnson testified at the hearing about her urinary issues, noting she "has problems with [her] bladder and [her] kidneys[,]" has "kidney stones[,]" "has to constantly go to the bathroom at nighttime and it hurts her body[,]" has problems with leakage, and has to wear protective garments. (R. 64.)

The medical record also supports Johnson's claim of foot ailments. In 2019, Johnson went to the doctor for foot pain, reporting that pain had been present for three years and that her shoe inserts were not helping. (R. 565.) She was diagnosed with plantar fasciitis, recommended for physical therapy, and was prescribed ViscoHeels. (R. 526, 529.) Eventually, Johnson received a prescription for custom orthotics. (R. 535, 595.) In 2020, Johnson returned to the doctor reporting foot pain. (R. 516.) X-rays revealed osteoarthritic degenerative changes, and Johnson was diagnosed with arthritis in both of her feet. (R. 517, 518.) At the hearing, Johnson testified about the pain in her feet (R. 61, 62, 64, 65, and 68), even noting her toes were currently numb (R. 61).

Despite the evidence in the medical record and Johnson's testimony at the hearing, the ALJ failed to mention Johnson's urinary issues or plantar fasciitis at all in his opinion. (*See* R. 11-21.) He mentioned the arthritis in her toes merely in passing while listing her impairments. (R. 16.) Much like in *Pupo*, the ALJ stated that he "considered all symptoms"

when determining Johnson's RFC. (R. 16.)[7] However, his decision demonstrates that he did not. While an ALJ need not discuss every piece of evidence (*see Dryer*, 395 F.3d at 1211), the ALJ has a duty to "make specific and well-articulated findings as to the effect of the combination of impairments." *Walker v. Brown*, 826 F.2d 996, 1001 (11th Cir. 1987) (reversing and remanding because the ALJ made specific reference to some, but not all the claimant's physical impairments during the RFC determination.) As part of that duty, the ALJ must consider "all impairments, severe and non-severe" when determining a claimant's RFC. *Schink*, 935 F.3d at 1268. Here, the ALJ made specific reference to some of Johnson's physical ailments during his RFC determination, but failed to mention Johnson's urinary problems, plantar fasciitis, or arthritis of the feet.

The Commissioner argues the ALJ's failure to consider Johnson's urinary issues is harmless because the record shows no evidence that her urinary problems would affect her ability to work. (Doc. No. 14 at 9.)

The burden of showing that an error is harmful "normally falls upon the party attacking the agency's determination." *Shineski v. Sanders*, 556 U.S. 396, 409 (2009). Here, Johnson has met her burden. While Johnson did testify that her urinary issues caused her

---

[7] Although the Eleventh Circuit in the past has held this language is enough to demonstrate the ALJ considered all necessary evidence, the Eleventh Circuit more recently held this statement is not sufficient when the ALJ's decision demonstrates they did not consider all symptoms. *See Pupo*, 17 F.4th at 1064 ("[A]lthough the ALJ stated he 'considered all symptoms,' his decision demonstrates that he did not."); *Schink*, 935 F.3d at 1269 ("[A]lthough the ALJ stated he 'considered all symptoms' when assessing [claimant's] RFC, the content of his decision demonstrates he did not."); *contra Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 952 (11th Cir. 2014) (per curiam) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224–25 (11th Cir. 2002)) ("Under our precedent, [statements that the ALJ considered all symptoms] are enough to demonstrate that the ALJ considered all necessary evidence.").

to go to the bathroom frequently at night (R. 64), Johnson argues that this would still affect her ability to work during the day and thus is material to the outcome of the case. (Doc. No. 15 at 2.) Johnson reported that she does not get much sleep at night (R. 62), which leads to her napping two or three times during the day for an hour each nap (R. 66). She also stated that she has "to go to the bathroom a lot," and that it hurts her body. (R. 64.) During the hearing, the VE was asked whether an individual who took 15-minute breaks every hour due to bathroom visits would be employable in the jobs he identified. (R. 73). The VE responded the person would not keep the jobs identified because they would be off-task 25% of the time. (*Id*.) As Johnson argues, the ALJ's failure to consider her urinary issues could impact the VE's job determination at step five if her urinary issues caused her to be off-task for approximately 2 hours each day. Thus, the ALJ's failure to consider her urinary issues was not harmless.

  The Commissioner further argues that the ALJ implicitly considered Johnson's foot impairments when he discussed Johnson's knee impairments. (Doc. No. 14 at 8.) While addressing Johnson's knee impairment, the ALJ did note that the medical record showed that Johnson had a "normal gait" and was "able to stand without difficulty." (R. 18.) However, the ALJ has a duty to make specific findings about the effect of the *combination* of impairments. *Walker*, 826 F.2d at 1001 (emphasis added). Here, the ALJ made no mention of how Johnson's foot impairments, in combination with her knee impairments, might affect her ability to work. Even if the ALJ considered Johnson's foot impairments "*sub silentio* and implicitly found they imposed no significant limitations," the Court is unable to rely on an implicit finding when determining if the proper legal analysis was

applied because an "ALJ's failure to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal in its own right." *Schink*, 935 F.3d at 1269 (quotations omitted).

Eleventh Circuit precedent clearly establishes that when an ALJ fails to consider all impairments when determining a claimant's RFC, the RFC determination is not supported by substantial evidence. *See Pupo*, 17 F.4th at 1065; *Schink*, 935 F.3d at 1269 (holding the ALJ's RFC assessment inadequate because the ALJ failed to assess how the claimant's depression, mania, and anger affected his ability to work); *Arce v. Comm'r Soc. Sec.*, No. 23-11315, 2024 WL 36061, at *2 (11th Cir. Jan. 3, 2024) (reversing and remanding because the ALJ failed to consider the claimant's mental impairments when assessing the RFC); *see also Core v. Kijakazi*, No. 3:21-cv-64-SMD, 2022 WL 4116986, at *4 (M.D. Ala. Sept. 9, 2022) (holding that the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to consider the claimant's urological issues); *Fournier v. Kijakazi*, No. 1:20-cv-862-SMD, 2022 WL 2257046, at *4 (M.D. Ala. June 23, 2022) (holding that the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to consider the claimant's cyclical vomiting).

Here, the ALJ failed to consider Johnson's urinary issues, plantar fasciitis, and foot arthritis when determining her RFC. Because it does not appear that the ALJ considered all of Johnson's impairments, this Court cannot conclude that the RFC determination is supported by substantial evidence. As such, this case is due to be reversed and remanded for further consideration of Johnson's RFC.

**B. Other Arguments**

Because the case is being remanded to the Commissioner for further consideration, the Court need not address Johnson's remaining arguments. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised) (citations omitted); *see also McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (finding no need to analyze other issues when case must be reversed due to other dispositive errors); *see Arce*, 2024 WL 36061, at *2 ("Because remand is necessary, we do not reach Arce's remaining arguments and offer no opinion as to whether the ALJ erred with respect to those issues."). On remand, however, the Commissioner should reassess the entire record, providing sufficient reasons and readily identifiable evidentiary support for his decision under the applicable law.[8] *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (holding that, on remand, the ALJ must reassess the entire record) (citation omitted).

## VI. CONCLUSION

For the reasons stated, the Court finds that the decision of the Commissioner is not supported by substantial evidence. Therefore, it is ORDERED as follows:

1. Johnson's motion for summary judgment (Doc. No. 8) is GRANTED.

2. The Commissioner's motion for summary judgment (Doc. No. 14) is DENIED.

3. The decision of the Commissioner is REVERSED.

---

[8] In reversing the Commissioner's decision, the Court expresses no opinion regarding Johnson's entitlement to disability. The Court here holds only that the ALJ's decision demonstrates error requiring reversal.

14

4. This matter is REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

A separate judgment will issue.

DONE this 10th day of September, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE